STATE OF NORTH CAROLINA ex rel UTILITIES COMMISSION v.
ABERDEEN and ROCK FISH RAILROAD COMPANY, ATLANTIC
COAST LINE RAILROAD COMPANY, SEABOARD AIR LINE RAIL-
ROAD COMPANY, NORFOLK SOUTHERN RAILWAY COMPANY, and
SOUTHERN RAILWAY COMPANY
AND
MOTOR CARRIERS OF PETROLEUM and PETROLEUM PRODUCTS IN
TANK TRUCKS, MEMBERS OF THE NORTH CAROLINA MOTOR CAR-
RIERS ASSOCIATION, J. T. OUTLAW, AGENT.
AND
THE CITY OF WILMINGTON, NORTH CAROLINA.

(Filed 30 November, 1960.)

APPEAL by the North Carolina Utilities Commission from *Mintz, J.,*
May 1960 Term, NEW HANOVER Superior Court.

This proceeding originated before the North Carolina Utilities Com-
mission upon its order of investigation into the rates and charges
on intrastate movement of Petroleum and Petroleum Products in
carload lots. Notice of hearing was served on the railroads. The City
of Wilmington, The North Carolina Motor Carriers Association, Inc.,
J. T. Outlaw, Agent for Motor Carriers of Petroleum and Petroleum
Products, intervened. At the hearing the Commission called as a wit-
ness its railroad rate expert, Mr. Low, who introduced as exhibits
certain charts showing rail and truck rates for petroleum products
from terminals in North Carolina to various points of delivery in
this State. The evidence of the Commission's rate expert and of
the respondents and interveners was of the same general tenor as
that introduced in the companion case, *State of North Carolina
ex rel Utilities Commission v. The North Carolina Motor Carriers
Association* and the *City of Wilmington, ante* 432. However, Mr.
Low, on cross-examination, stated: "My whole study here is based
on tariff rates without any regard to the movements. As a rate ex-
pert over the years I would say that the volume of movements has
some significance in rate making. If I were making rates I would be
interested in the volume of movements as distinguished from just
paper rates."

At the conclusion of the hearing, the Commission found existing
rates unjust, unreasonable, and discriminatory, and ordered into ef-
fect new rates based entirely on mileage. The order provided that
mileage should be determined by the highway measurements rather
than rail measurements. The Commission denied rehearing. The re-
spondents and interveners appealed to the superior court. Judge Mintz
found facts and entered judgment setting aside the order of the Utili-

ties Commission and remanding the case to the Utilities Commission to be dismissed. The Utilities Commission appealed.

*Thomas Wade Bruton, Attorney General, F. Kent Burns, Assistant Attorney General for the North Carolina Utilities Commission, appellant.*

*Donal L. Turkal, for Seaboard Air Line Railroad Company, appellee.*

*James A. Bistline, for Southern Railway System, appellee.*

*R. B. Gwathmey, Albert B. Russ, Jr., David E. Wells for Atlantic Coast Line Railroad Company, appellee.*

*Simms & Simms for appellees.*

*Allen & Hipp, By: Edward B. Hipp for North Carolina Motor Carriers Association, appellee.*

*James B. Swails, Cicero P. Yow for City of Wilmington, appellee.*

HIGGINS, J.   The questions of fact and principles of law involved in this proceeding are in substance the same as those discussed in the companion case, *State ex rel Utilities Commission v. The North Carolina Motor Carriers Association, et al, ante* 432. The railroads contended, however, the proviso at the end of G.S. 62-31 gives the railroads the right to reduce rates either directly or by change in classification. *Bennett v. Southern R. R.*, 211 N.C. 474, 191 S.E. 240. The Commission contended the proviso was repealed by Chapter 725, Session Laws of 1945. This dispute may be considered and passed on by the Commission in the further hearing.

For the reasons assigned in the companion case, so much of the judgment of the Superior Court as reversed the order of the Commission is affirmed. So much of the judgment as directs the Commission to dismiss the proceeding is reversed. The Superior Court will remand the proceeding to the Utilities Commission for further hearing and disposition not inconsistent with the opinion in this and in the companion case.

Affirmed in part and reversed in part.